Brunner, J.,
concurring in part and dissenting in part.
{¶ 3} I join the majority’s order that the opinion of the court of appeals may not be cited as authority except by the parties inter se. I write separately to *297 note that the court’s limitation on the authority of the court of appeals’ opinion in this case should render dubious further reliance on the First District Court of Appeals’ earlier opinions in Hale v. Volunteers of Am., 158 Ohio App.3d 415, 2004-Ohio-4508, 816 N.E.2d 259 (1st Dist.), and Dean v. Consol. Equities Realty # 3, L.L.C., 182 Ohio App.3d 725, 2009-Ohio-2480, 914 N.E.2d 1109 (1st Dist.), which the appellate court expressly followed.
{¶ 4} The appellate court recognized that the employment-at-will doctrine is a common-law doctrine and that the termination of an employee “generally does not give rise to an action for damages.” 2015-Ohio-3743, 42 N.E.3d 256, ¶ 14. It then noted that this court’s decision in Greeley v. Miami Valley Maintenance Contrs., Inc., 49 Ohio St.3d 228, 551 N.E.2d 981 (1990), created a judicially recognized “exception to this employment-at-will doctrine” when there is a violation of a clearly expressed public policy. 2015-Ohio-3743, 42 N.E.3d 256, at ¶ 15.
{¶ 5} The appellate court went on to state that with respect to claims for wrongful discharge in violation of public policy,
absent a narrow interpretation of the types of public policy applicable to these claims, the exception becomes the rule. With the continued and ongoing explosion in statutes, governmental regulations, and policies found under the Ohio Revised Code and the Ohio Administrative Code, as well as federal laws and regulations, if exceptions to the at-will-employment doctrine are not narrowly construed, the so-called “exceptions” will speedily and overwhelmingly undermine and eliminate the concept of at-will employment in this state. The employment-at-will doctrine is, as conceded by all parties herein, the starting point for an employment-law analysis for this type of claim. This doctrine has remained untouched by the legislature since its inception, and is effectively one of Ohio’s most basic “public policies” on employment issues. * * * Such a change in basic Ohio public policy should be left to the legislature, not this court.
(Emphasis added.) Id. at ¶ 22.
{¶ 6} With this reasoning, the appellate court essentially states that exceptions, such as the one described in Greeley, to judicially created common-law doctrines such as the employment-at-will doctrine' should be created only by the legislature. And for this reason, the appellate court relied on its two previous decisions in Hale and Dean rather than follow Greeley.
{¶ 7} Hale and Dean require that the public policy upon which the exception to the employment-at-will doctrine is based must (1) impose an affirmative duty on an employee to report a violation, (2) prohibit an employer from retaliating *298 against an employee who has reported a violation, or (3) protect the public’s health and safety. Hale, 158 Ohio App.3d 415, 2004-Ohio-4508, 816 N.E.2d 259, at ¶ 46; Dean, 182 Ohio App.3d 725, 2009-Ohio-2480, 914 N.E.2d 1109, at ¶ 11-12. Finding no such language in the insurance-fraud statute, the appellate court narrowed Greeley, relying on Hale and Dean as “longstanding case law” even though they were decided 14 and 19 years after this court decided Greeley. 2015-Ohio-3743, 42 N.E.3d 256, at ¶ 22. This court’s order that the opinion of the court of appeals in this case may not be cited as authority except by the parties inter se should cast doubt on the authority of the First District’s opinions in Hale and Dean.